UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NELFI IXAEL MONTENEGRO PENA,**<br><br>Petitioner,<br><br>v.<br><br>**ANTONE MONIZ, Warden, Plymouth County Correctional Facility,** *et al.***,**<br><br>**Respondents.** | Civil Action No. 26-cv-10324 RGS |

**ORDER CONCERNING SERVICE OF PETITION
AND FURTHER STAY OF TRANSFER OR REMOVAL**

**STEARNS, D.J.**

Petitioner Nelfi Ixael Montenegro Pena, a Guatemalan national, has filed a petition for a writ of habeas corpus seeking his release from custody.

Upon review of the petition, the Court hereby directs and orders as follows:

**1.   Service of Petition**

The clerk of this court shall serve a copy of the petition upon respondents and the United States Attorney for the District of Massachusetts with seventy-two hours of the issuance of the Order.

**2.    Response to Petition**

Respondents shall answer or otherwise respond to the petition no later than February 2, 2026.

**3.    Jurisdiction**

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a) (the "Petition"), contending that he is being unlawfully confined in violation of the Constitution and laws of the United States.

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, *see* 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); *see* U.S. CONST. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that the petitioner was subject to arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. The Court therefore has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

In order to give the court an opportunity to consider the validity of the habeas petition, the court may order respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).

**4.    Order**

In order to provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

    a.    **Stay of Transfer or Removal**

Petitioner shall not be transferred to another district or outside the jurisdiction of the United States unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at least 72 hours from the time of that docketing.

    b.    **Measurement of Time Periods**

If either of the time periods stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

If either of the time periods stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Any of the time periods may be shortened or extended as may be appropriate by further order of the Court. SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE

Issued at Boston, Massachusetts
January 26, 2026, 9:05 a.m.